# Weatherbee, Appellant, *v.* Philadelphia, Baltimore & Washington Railroad Company.

*Negligence—Railroads—Infant—Nonsuit.*

In an action by a boy eight years old against ·a railroad company to recover damages for personal injuries, it appeared that at the place of the accident the defendant had recently completed a retaining wall for the support of its elevated tracks. The wall was about eighteen feet high with a very considerable slope on the inside, and with rough, projecting stones. Up this slope, upon the back or inner side of the wall three or four boys, including the plaintiff, climbed. Two or three of the boys reached the top, and the plaintiff was nearly up, when a watchman of the defendant at the foot of the wall seeing the boys on top, called to them to get down. There was testimony that he shook his flag or flag-stick at them, and that he made ·a motion as if to throw a stone at them. The other boys called out to the plaintiff and he fell and was injured. The boys who had reached the· top .got safely down without apparent difficulty. The .watchman testified that he could not see the boy at the time, because of his position inside the wall. *Held*, that a nonsuit was properly entered.

Argued Jan. 8, 1906.    Appeal, No. 214, Jan. T., 1905, by plaintiff, from order of C. P. No. 4, Phila. Co., March T., 1904, No. 1641, refusing to take off nonsuit in case of John A. Weatherbee and Earl David Weatherbee, by his next friend and father, John A. Weatherbee v. Philadelphia, Baltimore & Washington Railroad Company.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before AUDENRIED, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

*Error assigned* was order refusing to take off nonsuit.

*Sandberg & Heyman,* for appellant.—The case was for the jury: Becker v. Philadelphia, 212 Pa. 379; Biddle v. Passenger Ry. Co., 112 Pa. 251; Enright v. Pittsburg Junction R. R. Co., 198 Pa. 166; Levin v. Traction Co., 201 Pa. 58; Brennan v. Merchant, 205 Pa. 258; Parker v. Ry. Co., 207 Pa. 438; Hyman v. Tilton, 208 Pa. 641.

*John Hampton Barnes,* for appellee.

OPINION BY MR. JUSTICE POTTER, February 5, 1906:

The appellant here complains of the refusal by the court below to take off the judgment of compulsory nonsuit.    The facts upon which it was entered, as appear from the testimony, are as follows : The defendant was erecting a retaining wall for the support of its elevated tracks, through the city of Chester. At the place where the accident happened the wall had been completed, and was about eighteen feet high, with a very considerable slope on the inside, and with rough, projecting stones. Up this slope, upon the back or inner side of the wall, three or four boys, including the plaintiff, climbed.    It seems that two or three of them reached the top of the wall, and the plaintiff, who was behind the others, was nearly up, when the watchman of the defendant company, who was stationed at a watch box at the foot of the face of the wall, is said to have called out to the boys to get down.    He is also said to have

shaken his flag or flag stick at them, and to have made a
motion with his other hand as if to throw a stone at them.
The boy Weatherbee, the plaintiff, was not, as we have said,
then at the top of the wall, but was coming up on the inside.
From the relative positions of the parties, it is not apparent
how the watchman could have seen him, or how he could have
seen the watchman.  However this may be, the other boys
called out to the Weatherbee boy, and just then he fell to the
bottom and was injured.  The theory of the plaintiff is that
the boy was frightened by the call of the watchman, and by
his action, and that he fell because of his fright; but, if he
was alarmed, it would seem that his fear must have been com-
municated to him by his companions, for the watchman was
hidden from him by the wall which was between them.

The watchman was called as a witness by the plaintiff, and
he testified squarely that he could not see the boy at the time,
owing to the fact that he was inside of the wall, while the
watchman was outside, and down below at the street level.
He further testified that he made no threat against the boy,
and did not see him until after his fall.  But, even if the boy
could have been seen by the watchman, we do not find any-
thing in the evidence which would justify a charge of negli-
gence against the defendant.  It was the duty of the watch-
man to keep the boys off the premises, in order to avoid just
such an accident as befell the plaintiff here.  How could he
reasonably be expected to keep them off without speaking per-
emptorily to them ?  Even a gesture expressive of his inten-
tion to enforce his order could hardly be deemed an unreason-
able action.  The boys had climbed up, with apparent ease,
the sloping back portion of the wall, by means of the rough
ends of the projecting stones ; and there was no reason to
apprehend that they could not get down safely in the same
way.  The testimony does not show that they were driven
unduly, or harassed in any way by the watchman.  The boys
who were in plain sight upon the top of the wall, and who
were presumably the objects of the watchman's attention, did
get safely down, and without any apparent difficulty.

Under the evidence the trial judge discharged a manifest
duty in entering a compulsory nonsuit and the judgment is
therefore affirmed.